IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------------x
                                          :
LIGHT SOURCES INC.                        :
                                          :
                    Plaintiff             :    Civil Action No.
                                          :    302 CV 190 (SRU)
                                          :
                                          :
          -v.-                            :
                                          :
FIRST LIGHT TECHNOLOGIES INC.             :    November 13, 2003
                                          :
                    Defendant             :
                                          :
-------------------------------------------------------------------x
```

## DECLARATION OF KENNETH F. DUSYN IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

KENNETH F. DUSYN, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, declare as follows:

1. That I am duly admitted to the Bar of the State of Connecticut and maintain an office at 330 Main Street, Third Floor, Hartford, Connecticut, 06106.

2. That I represent the Defendant, First Light Technologies, Inc., as co-counsel in the above-captioned lawsuit.

-1-

EXHIBIT 20

3. That since the Court's Order of January 23, 2003 referring the litigation dispute to a magistrate judge for a settlement conference, I have been actively engaged in representing First Light Technologies, Inc. throughout the settlement negotiations up to and including the present date.

4. That on May 1, 2003, and on information and belief, Kenneth Ell, president of First Light Technologies, Inc., traveled to the offices of Light Sources, Inc. in Orange, Connecticut, to personally meet with Christian Sauska, president of Light Sources, Inc.

5. That shortly after the personal meeting referred to in paragraph 4, Mr. Ell informed the undersigned that a preliminary agreement in principle was reached to settle the lawsuit, and that this preliminary agreement for settling the lawsuit was for First Light Technologies, Inc. to pay Light Sources, Inc. the sum of $150,000.00 over a period of five (5) years.

6. That on May 2, 2003, I telephoned counsel for Light Sources Inc., Arthur T. Fattibene, to inform him of the status of the negotiations between Messrs. Sauska and Ell, specifically, that they were close to an agreement.

7. That on the same day, May 2, 2003, I telephoned Magistrate Judge Garfinkel's chambers and spoke with Judge Magistrate Garfinkel's secretary, Gloria. I informed her

that the parties were close to an agreement and that the numbers agreed upon had to be communicated to and approved by another principal of First Light Technologies, Inc., Mark E. Kurtz, who was traveling in Germany at the time.

8. That in a telephone conversation with Mr. Ell on May 7, 2003, I was informed that Mr. Kurtz could not be reached. Thereafter, on the same day, I telephoned Mr. Fattibene to inform him of the unavailability of Mr. Kurtz. During that conversation, Mr. Fattibene and the undersigned also discussed the possibility of suspending discovery, and in what was thought to be in the best interests of the parties at that time, agreed to do so simultaneous with the scheduling of a settlement conference date in the event that no final agreement was reached between the parties.

9. That thereafter, in a telephone conversation with Magistrate Judge Garfinkel on May 7, 2003, a July 1, 2003 settlement conference date was scheduled before Magistrate Judge Garfinkel in the event that no agreement was reached between the parties.

10. That on May 8, 2003, having reached the oral agreement with Mr. Fattibene regarding the suspension of discovery and the July 1, 2003 settlement conference date, the undersigned prepared a Stipulated Motion To Suspend Discovery (copy attached as Exhibit A) which was mailed to the Clerk of the Court and Mr. Fattibene on the same day, May 8, 2003.

11. That on May 16, 2003, the Court, by Judge Underhill, ordered the suspension of discovery. See Exhibit B attached hereto.

12. That on June 23, 2003, Mr. Ell informed the undersigned that negotiations between the parties had broken down on June 19, 2003 as the result of the parties not being able to agree on a sale of First Light Technologies, Inc. to Light Sources Inc. That in response thereto, I communicated the breakdown in communications to Mr. Fattibene in a letter dated June 23, 2003 which is attached hereto as Exhibit C. In that same letter, I informed Mr. Fattibene that First Light Technologies, Inc. intended to attend the scheduled July 1, 2003 settlement conference.

12A That on the morning of the July 1, 2003 settlement conference at the chambers of Magistrate Judge Garfinkel, and before the commencement of the settlement proceedings, Mr. Fattibene and the undersigned engaged in a conversation in which I informed him of the preliminary oral agreement that Messrs. Sauska and Ell reached on May 1, 2003 for settling the lawsuit.

13. That when Mr. Fattibene was informed of the preliminary oral agreement referred to in paragraph 12 above, Mr. Fattibene expressed surprise in that he knew nothing of this agreement. The undersigned, in turn, also expressed surprise that Mr. Fattibene knew nothing of the agreement. Both of these surprises were such that the preliminary oral agreement, i.e., that First Light Technologies, Inc. pay Light Sources,

Inc. the sum of $150,000.00 over a period of five (5) years to settle the lawsuit, was communicated to Mr. Fattibene several times prior to the commencement of the settlement conference.

14. That during the negotiations that took place during the July 1, 2003 settlement conference, Magistrate Judge Garfinkel mediated the disputes between the parties. First Light Technologies, Inc. increased its offer from $150,000 to $200,000 payable over four years for a fully paid up license under both the '101 Patent and U.S. Patent 5,166,527 (the "Solymar patent"). Light Sources Inc. countered with a lump sum payment of $250,000 for a fully paid-up license for just the '101 Patent. The parties did not agree.

15. That on September 5, 2003, the undersigned prepared and forwarded a letter to Mr. Fattibene, attached hereto as Exhibit D, in response to Mr. Fattibene's letter of August 18, 2003 (identified as *Plaintiff's Exhibit 9* in Plaintiff's Motion To Enforce Settlement Agreement And To Stay Discovery).

16. That the wording "FLT will honor the previous orally agreed upon amount of $150,000 to settle this lawsuit." referred to in the undersigned's September 5, 2003 letter, was intended to refer to the previous oral agreement between Messrs. Sauska and Ell which was communicated personally to Mr. Fattibene on the morning of July 1, 2003.

17. That on September 8, 2003, Mr. Fattibene called the undersigned to inquire whether FLT's offer of $150,000 was "over time." The undersigned replied "I believe it was over 4 or 5 years, but I would have to check with Ken Ell." Mr. Fattibene acknowledged the undersigned's answer by stating "OK" and indicated that he would respond after contacting his client, Light Sources Inc.

18. That during a settlement conference on October 8, 2003 at Magistrate Judge Garfinkel's chambers between the undersigned and Messrs. Art & Paul Fattibene, and Mr. David Myers, the incident described in Paragraph 12 above was reported to Mr. Fattibene. At no time during the negotiations of the October 8, 2003 settlement conference did Mr. Fattibene contradict or try to alter this incident.

19. That Magistrate Judge Garfinkel was not in attendance during the settlement conference of October 8, 2003, and that none of the settlement conference between the parties was made of record.

By: _____

Kenneth F. Dusyn   (ct21859)
Law Offices Of Kenneth F. Dusyn
330 Main Street - 3rd Floor
Hartford, CT 06106
Telephone:    [860] 246-4600
Fax:          [860] 722-9570

Dated: _NOVEMBER 13, 2003_____

1425PM20031113

-6-

Connecticut.

By: _____

Kenneth F. Dusyn  (ct21859)
Law Offices Of Kenneth F. Dusyn
330 Main Street - 3rd Floor
Hartford, CT 06106
Telephone:  [860] 246-4600
Fax:        [860] 722-9570

John C. Linderman (ct 04291)
Wm. Tucker Griffith (ct 19984)
McCormick, Paulding & Huber LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103-4102
Telephone:  [860] 549-5290
Fax:        [860] 527-0464

Attorneys For Defendant

Dated: _____May 8, 2005_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
                                          :
LIGHT SOURCES INC.                        :
                                          :
                        Plaintiff         :    Civil Action No.
                                          :    302 CV 190 (SRU)
                                          :
            -v.-                          :
                                          :
FIRST LIGHT TECHNOLOGIES INC.             :    May 8, 2003
                                          :
                        Defendant         :
                                          :
-----------------------------------------------------------x
```

## STIPULATED MOTION TO SUSPEND DISCOVERY

The parties in the above-identified litigation hereby collectively move to suspend further discovery to allow the parties sufficient time to conduct settlement negotiations which are ongoing amongst themselves.

In the event that a final settlement agreement between the parties cannot be reached, and pursuant to a telephone conversation between the undersigned and Magistrate Judge William I. Garfinkel on May 7, 2003, a settlement conference has been scheduled with Judge Garfinkel for Tuesday, July 1, 2003 at 11:00 a.m. in the United States District Court, 915 Lafayette Blvd., Bridgeport,

EXHIBIT  A

## CERTIFICATE OF SERVICE

I hereby certify that on the _____*Eighth*_____ day of May, 2003, a true copy of the foregoing STIPULATED MOTION TO SUSPEND DISCOVERY was served by first class U.S. mail, postage prepaid, on the following counsel of record for Plaintiff:

> Arthur T. Fattibene
> Paul A. Fattibene
> Fattibene And Fattibene
> 2480 Post Road
> Southport, CT 06490

By: _____

Kenneth E. Dusyn

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x

LIGHT SOURCES INC.                                 :

                              Plaintiff            :        Civil Action No.
                                                   :        302 CV 190 (SRU)
                                                   :
                      -v.-                          :
                                                   :
FIRST LIGHT TECHNOLOGIES INC.                      :        May 8, 2003

                              Defendant            :
                                                   :
-------------------------------------------------------x


## STIPULATED MOTION TO SUSPEND DISCOVERY

The parties in the above-identified litigation hereby collectively move to

suspend further discovery to allow the parties sufficient time to conduct

settlement negotiations which are ongoing amongst themselves.

In the event that a final settlement agreement between the parties cannot

be reached, and pursuant to a telephone conversation between the undersigned

and Magistrate Judge William I. Garfinkel on May 7, 2003, a settlement

conference has been scheduled with Judge Garfinkel for Tuesday, July 1, 2003 at

11:00 a.m. in the United States District Court, 915 Lafayette Blvd., Bridgeport,


EXHIBIT B

## LAW OFFICES OF KENNETH F. DUSYN

330 MAIN STREET
THIRD FLOOR
HARTFORD, CONNECTICUT 06106

TELEPHONE [860] 246-4600          E-MAIL  KDUSYN@AOL.COM          FACSIMILE [860] 722-9570

KENNETH F. DUSYN                                                    PATENT, TRADEMARK,
                                                                    COPYRIGHT & RELATED CAUSES
OF COUNSEL
CHARLES E. BRUZGA *                                                 * ADMITTED IN NEW YORK ONLY

June 23, 2003

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, CT  06490

       Re:   Light Sources, Inc. v. First Light Technologies, Inc.
               Civil Action No. 302 CV 190 (SRU)
               Docket No.:  P-1425

Dear Art:

      I have been informed by First Light Technologies, Inc. that a settlement of the above-captioned litigation has <u>not</u> been reached as a result of the recent negotiations between Ken Ell, president of First Light Technologies, Inc., and Christian Sauska, president of Light Sources, Inc. We are therefore proceeding ahead with the scheduled settlement conference before Judge Garfinkel on July 1, 2003 in Bridgeport, Connecticut, at 11:00 a.m.

      I look forward to meeting with you then.

               Yours truly,

               Kenneth F. Dusyn

KFD

cc:   Honorable William I. Garfinkel
      Wm. Tucker Griffith
      Kenneth Ell

142520030623

EXHIBIT  C

LAW OFFICES OF KENNETH F. DUSYN

330 MAIN STREET
THIRD FLOOR
HARTFORD, CONNECTICUT 06106

TELEPHONE [860] 246-4600          E-MAIL  KDUSYN@AOL.COM          FACSIMILE [860] 722-9570

KENNETH F. DUSYN                                              PATENT, TRADEMARK,
                                                         COPYRIGHT & RELATED CAUSES
OF COUNSEL
CHARLES E. BRUZGA *                                          * ADMITTED IN NEW YORK ONLY

September 5, 2003

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, CT  06490

                    Re:    Light Sources, Inc. v. First Light Technologies, Inc.
                           Civil Action No. 302 CV 190 (SRU)
                           Docket No.: P-1425
                           _____

Dear Art:

        I finally had the opportunity of discussing your letter of August 18, 2003
with Ken Ell, and for the reasons stated in my letter to you of August 2, 2003, FLT
maintains its present position and conditions for settling the controversies between LSI
and FLT. In short, FLT is willing to pay $200,000 over four years to settle all past and
present claims surrounding the patent in this suit (the '101 patent), as well as receiving a
fully paid up license for the remaining terms of both the '101 patent and the Solymar
patent. If LSI is not willing to grant to FLT a fully paid up license for the remaining
enforceable term of the Solymar patent, then FLT will honor the previous orally agreed
upon amount of $150,000 to settle this lawsuit.

        In the event that Magistrate Judge Garfinkel is still willing to mediate the
existing differences between LSI and FLT, we have no objection to the scheduling of
another settlement conference provided that both Christian Sauska and Kenneth Ell are
present. I should add that Mr. Ell is leaving for a two week trip to Asia at the very
beginning of next week, and is presently expected to return to his workplace on
September 22, 2003.  Based on our previous telephone conversations, my present
understanding is that Christian Sauska will return to the United States from Hungary by
the end of this month.

EXHIBIT D

Arthur T. Fattibene, Esq.                                      September 5, 2003
Fattibene and Fattibene
Page 2 of 2

_____

     While the discovery process proceeds, we remain open to the prospect of what we hope to be an eventual settlement of all differences between LSI and FLT. Should you or LSI care to make a counterproposal for settling the lawsuit, we are, of course, open to that prospect as well.

                                       Yours truly,

cc:     Honorable William I. Garfinkel
        Wm. Tucker Griffith, Esq.
        Mr. Kenneth Ell

142520030905

# FATTIBENE AND FATTIBENE
## Attorneys at Law
Patent, Trademark, Copyright and Related Matters
2480 Post Road
Southport, Connecticut
06890

APR - 2 2003

McCormick, Pauldimg & Huber

Arthur T. Fattibene
Paul A. Fattibene

Telephone (203)255-4400
Facsimile (203)259-0033

March 31, 2003

**Via Fax 860-722-9570**

Attorney Kenneth Dusyn
330 Main Street, 3rd Floor
Hartford, CT 06106

    Re:  **Light Sources, Inc. v. First Light Technologies**
         **Civil Action 3:02 CV 190 (SRU)**

Dear Ken:

    As you know, I was away on vacation and this is my first opportunity to respond to your letter of March 13, 2003.

    Your reliance on 35 USC 287(a) is grossly misplaced.  I have been advised that the patented lamps have been properly marked so as to comply with 35 USC 287(a).  As far as LSI is concerned, this is not an issue to mitigate damages.

    It is also noted that FLT has rejected LSI's proposed offer of February 12, 2003.

    As I understand your counter-counter offer in your letter of March 13th, FLT is proposing a payment of $25,000.00 for past infringement **and** a negotiated fully paid up license to FLT for the remaining term of the patent. However, your letter did not set forth any specific terms for any such paid up license for the balance of the patent term.

    Before LSI can consider your latest proposal, LSI requests that you advise what terms FLT proposes for any such negotiated paid up license for the remaining term of the patent.

    I trust that you will give this matter your most prompt attention, and that I can expect to hear from you soon.

    In my absence, I have noted that the Magistrate has shifted the Settlement Conference to Waterbury.

                        Very truly yours,
                        **Fattibene and Fattibene**

                        Arthur T. Fattibene

ATF/esf
cc:  Wm. Tucker Griffith
     Light Sources, Inc.

                                    EXHIBIT 21

# FATTIBENE AND FATTIBENE

ATTORNEYS AT LAW
PATENT, TRADEMARK, COPYRIGHT
AND RELATED MATTERS

2480 POST ROAD

SOUTHPORT, CONNECTICUT  06890

ARTHUR T. FATTIBENE
PAUL A. FATTIBENE

TELEPHONE (203)255-4400
FACSIMILE (203)259-0033

April 1, 2003
**VIA FAX (860-722-9570) ONLY**

## RECEIVED

APR 0 1 2003

McCormick, Paulding & Huber

Kenneth F. Dusyn, Esq.
330 Main Street, 3rd Floor
Hartford, CT  06106

              Light Sources, Inc. v. First Light Tech Inc.
                     3-02 cv 190 (SRU)

Dear Ken:

     This will confirm your telephone call of today, where you
indicated that you talked to Magistrate Judge Garfinkel's
chambers about postponing the Settlement Conference scheduled for
April 3, 2003. You indicated that the court had no problem with
the postponement, but that the court requested that you call back
within two weeks to inform the court as to the status of any
settlement discussions. You indicated that you would contact us
before calling the court.

                         Very truly yours,
                         Fattibene and Fattibene

                         Paul A. Fattibene

Copy to:
Light Sources, Inc. via fax (203-795-5267) only
Wm. Tucker Griffith, Esq. via fax (860-527-0464) only

                              EXHIBIT 22

## LAW OFFICES OF KENNETH F. DUSYN

330 MAIN STREET
THIRD FLOOR
HARTFORD, CONNECTICUT 06106

TELEPHONE [860] 246-4600          E-MAIL   KDUSYN@AOL.COM          FACSIMILE [860] 722-9570

KENNETH F. DUSYN                                                    PATENT, TRADEMARK,
                                                                   COPYRIGHT & RELATED CAUSES
OF COUNSEL
CHARLES E. BRUZGA *                                                 * ADMITTED IN NEW YORK ONLY

<u>VIA FACSIMILE</u>
[ 1-203-579-5946 ]

RECEIVED
APR - 3 2003
McCormick, Paulding & Huber

April 2, 2003

Honorable William I. Garfinkel
U.S. Magistrate Judge
UNITED STATES DISTRICT COURTHOUSE
915 Lafayette Boulevard
Bridgeport, CT 06604

Re:    <u>Light Sources, Inc</u>. v. <u>First Light Technologies, Inc</u>.
       Civil Action No. 302 CV 190 (SRU)
       Docket No.: P-1425
       _____

Dear Judge Garfinkel:

        This will confirm the undersigned's telephone conversation yesterday (April 1, 2003) with the Clerk of the Court in the Bridgeport United States District Court wherein she received authorization from your Chambers that the settlement conference scheduled for April 3, 2003 at 10:00 A.M. in Waterbury District Court will be continued to a future date.

        The request for continuance of the April 3, 2003 settlement conference, which was agreed to by counsel for Plaintiff-Light Sources, Inc., Arthur T. Fattibene, came about when it was learned that the parties to the above-identified litigation were in direct contact with each other for resolving their dispute.  As a result, and in order to accommodate direct talks between the parties, it was agreed amongst counsel that it would be advantageous to continue any settlement conference for a period of approximately one month, preferably until after May 6, 2003 to permit the parties to attend a trade show in their respective industry on that date.

        This will also confirm that the Clerk informed the undersigned that counsel should report to you in two weeks, i.e., on April 15, 2003, to advise on the status of the

                                                               EXHIBIT 23

Honorable William I. Garfinkel                                    April 2, 2003
Page 2 of 2

_____

negotiations between the parties, and at that time, the settlement conference could be re-scheduled.

        In accord with the above, counsel for Defendant-First Light Technologies, Inc. will report to you on April 15, 2003 regarding the status of the direct negotiations between the parties.

        Yours truly,

        Defendant
        First Light Technologies, Inc.

By:

        Kenneth F. Dusyn (ct 21859)
        330 Main Street, 3rd Floor
        Hartford, CT 06106
        Tel: [860] 246-4600
        Fax: [860] 722-9570

        John C. Linderman (ct 04291)
        Wm. Tucker Griffith (ct 19984)
        McCormick, Paulding & Huber LLP
        CityPlace II, 185 Asylum Street
        Hartford, CT 06103-4102
        Tel: [860] 549-5290
        Fax: [860] 527-0464

KFD:sms
cc:    Arthur T. Fattibene, Esq.

142520030402

# FATTIBENE AND FATTIBENE

### Attorneys at Law

Patent, Trademark, Copyright and Related Matters

2480 Post Road

Southport, Connecticut

06890

Arthur T. Fattibene
Paul A. Fattibene

Telephone (203)255-4400
Facsimile (203)259-0033

April 7, 2003

RECEIVED

APR - 9 2003

McCormick, Paulding & Huber

William Tucker Griffith
McCormick, Paulding & Huber LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103-4102

Re: **Light Sources, Inc. v. First Light Technologies**
    **Civil Action 3:02 CV 190 (SRU); Your File 6778-01**

Dear Tucker:

As you are probably aware, the settlement conference which was scheduled for April 3rd was adjourned to a future date, yet to be set. The adjournment was made for the reason that the principals are talking to one another, which may result in a mutually satisfactory type of settlement.

However, in discussing this adjournment with Ken Dusyn, he indicated that I advise you of the fact that the discovery will be ongoing despite the discussions in which the principals are involved.

Very truly yours,
**Fattibene and Fattibene**

Arthur T. Fattibene

ATF/esf
cc: Kenneth Dusyn

EXHIBIT 24

LAW OFFICES OF KENNETH F. DUSYN

330 MAIN STREET
THIRD FLOOR
HARTFORD, CONNECTICUT 06106

TELEPHONE [860] 246-4600        E-MAIL  KDUSYN@AOL.COM        FACSIMILE [860] 722-9570

KENNETH F. DUSYN

OF COUNSEL
CHARLES E. BRUZGA *

PATENT, TRADEMARK,
COPYRIGHT & RELATED CAUSES

* ADMITTED IN NEW YORK ONLY

RECEIVED
APR 17 2003
McCormick, Paulding & Huber

VIA FACSIMILE
[ 1-203-579-5946 ]

April 15, 2003

Honorable William I. Garfinkel
U.S. Magistrate Judge
UNITED STATES DISTRICT COURTHOUSE
915 Lafayette Boulevard
Bridgeport, CT  06604

Re:    Light Sources, Inc. v. First Light Technologies, Inc.
Civil Action No. 302 CV 190 (SRU)
Docket No.:  P-1425

Dear Judge Garfinkel:

This will confirm my telephone conversation with your secretary today wherein I informed her that the parties in the above-identified litigation were still negotiating terms for the settlement of the lawsuit. Unfortunately, due to the absence of Mr. Christian Sauska, the president of Light Sources, Inc., from this country because of his trip to Hungary, delays in communication have occurred between him and Ken Ell, president of First Light Technologies, Inc. Accordingly, unless you have objection, I am requesting additional time until the end of April, 2003, to allow sufficient time for the parties to exchange communications. I will report at that time and inform you of the further progress of negotiations.

Attorney Arthur Fattibene, counsel for Plaintiff-Light Sources, Inc., could not be reached by telephone before contacting your chambers, and I therefore left word on his voice mail summarizing the above telephone conversation.

EXHIBIT 25

Honorable William I. Garfinkel                                    April 15, 2003
Page 2 of 2

_____

Yours truly,

Defendant
First Light Technologies, Inc.

By: _____

Kenneth F. Dusyn (ct 21859)
330 Main Street, 3rd Floor
Hartford, CT 06106
Tel: [860] 246-4600
Fax: [860] 722-9570

John C. Linderman (ct 04291)
Wm. Tucker Griffith (ct 19984)
McCormick, Paulding & Huber LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103-4102
Tel: [860] 549-5290
Fax: [860] 527-0464

KFD:sms
cc:    Arthur T. Fattibene, Esq.

142520030415

# LAW OFFICES OF KENNETH F. DUSYN

330 MAIN STREET
THIRD FLOOR
HARTFORD, CONNECTICUT  06106

TELEPHONE [860] 246-4600          E-MAIL  KDUSYN@AOL.COM          FACSIMILE [860] 722-9570

KENNETH F. DUSYN                                                    PATENT, TRADEMARK,
                                                          COPYRIGHT & RELATED CAUSES
  OF COUNSEL
CHARLES E. BRUZGA *                                          * ADMITTED IN NEW YORK ONLY

# RECEIVED

MAY - 9 2003

McCormick, Paulding & Huber

May 8, 2003

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, CT  06490

Re:    Light Sources, Inc. v. First Light Technologies, Inc.
       Civil Action No. 302 CV 190 (SRU)
       Docket No.:  **P-1425**
       _____

Dear Art:

      Please find enclosed a copy of a Stipulated Motion To Suspend Discovery which was mailed to the U.S. District Court simultaneously with the mailing of this letter.

           Yours truly,

           Kenneth F. Dusyn

KFD:sms
Enclosure:    As above

cc:    Wm. Tucker Griffith, Esq. w/encl.
       Kenneth Ell, w/encl.

142520030508                                        **EXHIBIT 26**

# LAW OFFICES OF KENNETH F. DUSYN

330 MAIN STREET
THIRD FLOOR
HARTFORD, CONNECTICUT 06106

TELEPHONE [860] 246-4600        E-MAIL   KDUSYN@AOL.COM        FACSIMILE [860] 722-9570

KENNETH F. DUSYN                                              PATENT, TRADEMARK,
                                                        COPYRIGHT & RELATED CAUSES
OF COUNSEL
CHARLES E. BRUZGA *                                          * ADMITTED IN NEW YORK ONLY

**RECEIVED**

JUN 24 2003

McCormick, Paulding & Huber

June 23, 2003

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, CT 06490

                Re:    Light Sources, Inc. v. First Light Technologies, Inc.
                       Civil Action No. 302 CV 190 (SRU)
                       Docket No.:  P-1425
                       _____

Dear Art:

        I have been informed by First Light Technologies, Inc. that a settlement of
the above-captioned litigation has not been reached as a result of the recent negotiations
between Ken Ell, president of First Light Technologies, Inc., and Christian Sauska,
president of Light Sources, Inc. We are therefore proceeding ahead with the scheduled
settlement conference before Judge Garfinkel on July 1, 2003 in Bridgeport, Connecticut,
at 11:00 a.m.

        I look forward to meeting with you then.

                                Yours truly,

                                Kenneth F. Dusyn

KFD

. cc:    Honorable William I. Garfinkel
         Wm. Tucker Griffith ✓
         Kenneth Ell

                                                        142520030623

                                        EXHIBIT 27

# MEMO

**To:**   Attorneys Ken Dusyn and Arthur Fattibene

**From:**  William I. Garfinkel,
        U.S. Magistrate Judge

**Subject:**  Light Sources v. First Light, 3:02CV190(SRU)

**Date:**   October 9, 2003

### CONFIDENTIAL MEDIATION DOCUMENT

It is certainly disappointing not to put a settlement on the record.  With the overall amount in agreement, reasonable people should be able to agree on a payment schedule.  Ken's client always made it clear payment would have to be over time; and it is not unusual these days to have settlement amounts paid over time.  5 years is on the long side, but the difference between 5 and, say, 3 is not likely to have a dramatic impact on Arthur's client.  As for the ADR provision, I don't recall it being discussed here(though it's possible).  However, it seems like a very good idea, especially because of these parties' history.  I strongly recommend the provision, and not agreeing to it would naturally cause some suspicion by Ken's client.  You can even use me if you wish as the ADR person(the price is certainly unbeatable).  One thing is clear– there isn't an enforceable deal yet because important payment logistics have been up in the air.  If you guys can't get this closed, the Court will put this case on the fast track to completion of discovery and resolution.  It is just a shameful failure on the part of the parties and counsel not to effect an agreement.  Before I discuss scheduling with Judge Underhill, I want you to confer again with your clients and call each other in a final attempt to get this done.  I want a telephonic status report from counsel by October 20, 2003.  Thank you.

EXHIBIT 28

TOTAL P.02

# LAW OFFICES OF KENNETH F. DUSYN

330 MAIN STREET
THIRD FLOOR
HARTFORD, CONNECTICUT 06106

TELEPHONE [860] 246-4600          E-MAIL  KDUSYN@AOL.COM          FACSIMILE [860] 722-9570

KENNETH F. DUSYN                                                    PATENT, TRADEMARK,
                                                                    COPYRIGHT & RELATED CAUSES
OF COUNSEL
CHARLES E. BRUZGA *                                                 * ADMITTED IN NEW YORK ONLY

VIA FACSIMILE
[ 1-203-579-5946 ]

October 15, 2003

Honorable William I. Garfinkel
U.S. Magistrate Judge
UNITED STATES DISTRICT COURTHOUSE
915 Lafayette Boulevard
Bridgeport, CT  06604

> Re:    Light Sources, Inc. v. First Light Technologies, Inc.
>        Civil Action No. 302 CV 190 (SRU)
>        Attorney Docket No.: P-1425

Dear Judge Garfinkel:

After discussing your October 9, 2003 memorandum with Kenneth Ell, president of FLT, and my co-counsel, Tucker Griffith and John Linderman, we have arrived at what we consider acceptable alternative options for settling this lawsuit. I would therefore be deeply grateful if you can approach counsel for LSI, Art Fattibene, with the options set forth below:

Option 1

FLT is willing to obtain and provide funds for the payment of $150,000 upon execution of the October 2, 2003 Settlement Agreement Draft proposal which includes provisions for alternative dispute resolution (ADR). In other words, in return for the inclusion of the ADR provision contained in paragraph 6 if the October 2, 2003 Draft, FLT is willing to forego settlement payments over a period of time and will pay the $150,000 amount up front.

Option 2

If LSI is still adamant in not agreeing to the inclusion of ADR in a settlement agreement, FLT is willing to settle the lawsuit without paragraph 6 of the October 2, 2003 Draft proposal, for the lump sum payment of $50,000.

EXHIBIT 29

Honorable William I. Garfinkel                         October 15, 2003
U.S. Magistrate Judge
_____

Option 3

    As an alternative to Option 2, FLT will agree to pay $150,000 over ten (10) years with $15,000 annual installments without the inclusion of paragraph 6, provided and upon condition that if LSI brings suit against FLT on any of LSI's intellectual property after the execution of an agreed-to settlement agreement, then LSI will relinquish and forfeit any balance that FLT owes LSI.

    Your assistance in presenting these options to LSI will be deeply appreciated.

        Yours truly,

        Kenneth F. Dusyn

KFD:
cc:    John Linderman, Esq. &  Wm. Tucker Griffith, Esq.
      Mr. Kenneth Ell

142520031015

# LAW OFFICES OF KENNETH F. DUSYN

330 MAIN STREET
THIRD FLOOR
HARTFORD, CONNECTICUT 06106

TELEPHONE [860] 246-4600        E-MAIL  KDUSYN@AOL.COM        FACSIMILE [860] 722-9570

KENNETH F. DUSYN                                              PATENT, TRADEMARK,
                                                          COPYRIGHT & RELATED CAUSES

OF COUNSEL
CHARLES E. BRUZGA *                                        * ADMITTED IN NEW YORK ONLY

Via Facsimile                          **RECEIVED**
[ 1-203-579-5946 ]
                                                OCT 24 2003
CONFIDENTIAL MEDIATION DOCUMENTS
                                        McCormick, Paulding & Huber

October 23, 2003

Honorable William I. Garfinkel
U.S. Magistrate Judge
UNITED STATES DISTRICT COURTHOUSE
915 Lafayette Boulevard
Bridgeport, CT 06604

Re:    Light Sources, Inc. v. First Light Technologies, Inc.
       Civil Action No. 302 CV 190 (SRU)
       Docket No.: P-1425
       _____

Dear Judge Garfinkel:

FLT appreciates the time and effort you have undertaken thus far to seek a resolution of the strong differences that exist between LIS and FLT. Unfortunately, it is clear from yesterday's telephone conversation that the parties in the above-identified matter have been unable to reach any agreement regarding the outstanding settlement issues.

We believe that much of the reason for the stalemate is due in part to LSI's insistence that a settlement agreement already exists, though the terms of LSI's purported settlement remain unclear to FLT. Because of LSI's belief that there is a settlement agreement in place, LSI refuses to negotiate, and even address, FLT's concerns regarding potential future disputes. FLT is unwilling to agree to any settlement at the current monetary amount that fails to address future disputes between the parties. The $150,000 settlement sum was merely a provisional component of any agreement between the parties. We have made it clear to LSI that any settlement must be complete and clear with respect to several issues beyond mere monetary amounts – e.g., a forum for future disputes, length of agreement, payment plan, controlling jurisdiction, etc. FLT

EXHIBIT 30

Honorable William I. Garfinkel                                                October 23, 2003
U.S. Magistrate Judge

_____

fully expected to have the opportunity to negotiate a real settlement addressing all of the
parties' concerns, and we still remain amenable to negotiating a reasonable settlement in
this matter.  However, such negotiations will only be fruitful if your Honor is in
attendance to a personal meeting between counsel, preferably with the attendance of
both Christian Sauska from LSI and Kenneth Ell from FLT. It is desirable to have the
parties themselves present because they were integral to the original discussions
regarding the issues that seem to be holding up any meaningful settlement negotiations.

      During the negotiation process, it has become painfully clear that discussions
between the parties with an intermediary present is the only way the parties can address
the outstanding issues. Mr. Fattibene's recent letter is charged with several false
statements, half truths and self-serving statements, which up to this point, FLT has
chosen not to address in detail. At a meeting with your Honor in attendance, Mr.
Fattibene's statements could be challenged, and he would thereafter be required to
explain and support such statements. Despite Mr. Fattibene's intimations, the parties
have a bad personal history. This matter has only acted to extenuate the animosity
between the parties. LSI has now sued FLT twice for alleged patent infringement.  In
both cases, FLT has raised legitimate defenses, and the validity of LSI's patents remains
highly questionable. LSI, at its convenience, has also opted to "forget" past conversations
and omit material facts. Further, Mr. Sauska announced to Mr. Ell that LSI plans to sue
FLT in the future, even though no allegedly infringing device(s) existed when his
announcement was made and Mr. Sauska could have no legitimate basis for such threats.
These actions raise FLT's apprehensions that LSI is not concerned with whether its
patents may actually be infringed, but that LSI is more interested in harassing and
raising FLT's costs for doing business as it has unreasonably done in this case.

      With regard to the Solymar patent agreement, FLT has no intention or need for
altering its terms or conditions. FLT fails to see, and has never received an explanation,
as to HOW the terms and conditions of the prior agreement are altered or changed by
including an ADR provision in the settlement of the present controversy. It defies logic
how this can be done. How is a settlement agreement "reopened" with the presence of an
ADR provision? The terms and conditions of the Solymar patent agreement will remain
the same whether suit is brought by LSI against FLT in a court of competent jurisdiction
or before a mediator. What FLT is insisting on, and it has a rational basis for doing so, is
to provide a process for the parties to resolve any disputes amongst themselves, and
failing that, submitting the disputed issues to an arbiter such as yourself. In connection
with this, FLT will be more than happy to accept your Honor's offer to act as an arbiter in
any future disputes between the parties.

*Page 2 of 3*

Honorable William I. Garfinkel                                          October 23, 2003
U.S. Magistrate Judge

---

Furthermore, FLT does not need to extend the  Solymar patent agreement to act as a license of the Solymar patent.  For all intents and purposes, the Solymar patent is invalid.  This was demonstrated to LSI and even admitted to the undersigned by LSI's previous patent counsel, Peter Costas.  LSI, however, has chosen to ignore the prior evidence provided by FLT and omits this material fact when Mr. Fattibene stated in his October 13, 2003 letter that "No payment of monies was involved in that [Solymar patent agreement] settlement." Any patent infringement lawsuit filed by LSI would be vulnerable to a Motion to Dismiss and Rule 11 sanctions based on what LSI knows and chooses to ignore.

FLT's concerns lie with lamps that are not covered by the Solymar patent, which lamps FLT is legally permitted to manufacture and sell.  Mr. Sauska's previous statements to Mr. Ell indicate that LSI plans to sue FLT, even for lamps not covered by the Solymar claims.  LSI's intent to sue FLT on the Solymar patent, even where the claims are clearly not infringed, appears to be confirmed by LSI's present unwillingness to agree to ADR. Therefore, LSI's present concerns with ADR are not because of  "new" matter being raised.  Rather, LSI does not want to be prevented or limited in any way from harassing FLT in the future, even where LSI has little support for its assertions.

<u>Though FLT remains open to seeking a reasonable resolution of this matter, it will only do so in the future if negotiations are conducted with an intermediary present</u>. If your Honor believes that no such agreement is possible, we will certainly respect your opinion and FLT will focus its exclusive attention on litigating the issues of this case as expeditiously as possible.

Yours truly,

Kenneth F. Dusyn

KFD:sms
cc:    Arthur T. Fattibene
       Wm. Tucker Griffith
       Kenneth Ell

142520031023

*Page 3 of 3*