```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC.
              Plaintiff


     v.                              Civil Action No.
                                     302-CV-190(SRU)


FIRST LIGHT TECHNOLOGIES, INC.
              Defendant
```

**PLAINTIFF, LIGHT SOURCES, INC.'S,
REPLY BRIEF IN RESPONSE TO DEFENDANT,
FIRST LIGHT TECHNOLOGIES, INC.'S
MEMORANDUM IN OPPOSITION TO LIGHT SOURCES'
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

```
                         Fattibene and Fattibene
                         Arthur T. Fattibene, CT 06916
                         Paul A. Fattibene
                         2480 Post Road
                         Southport, CT 06890
                         Counsel for Plaintiff
```

**Nature of Proceedings**

On November 21, 2003, Plaintiff, Light Sources, Inc. (Light Sources) was served with Defendant, First Light Technologies, Inc.'s (First Light) Memorandum In Opposition To Light Sources' Motion to Enforce the Settlement Agreement filed on or about October 28, 2003. As First Light's Memorandum is replete with unsupportable argument of counsel and a self-serving declaration of counsel (First Light Exhibit 20), this Reply is necessitated.

## A R G U M E N T

First Light's repeated reference to alleged "omitted facts" and alleged "misrepresentation of facts" noted at pages 4, 5, 6, 8, 9, 12, 13 and 16 in First Light's Opposing Memorandum are solely predicated upon argument of counsel and a self-serving declaration of counsel (Def. Exhibit 20.

The agreement reached by the parties is a simple one, viz. what amount First Light is willing to pay for a paid up license under the patent in suit, and what amount Light Sources is willing to accept for such paid up license. The parties do not dispute that First Light offered $150,000.00 for a paid up license and Light Sources has accepted that offer.

1

The offer made in First Light's letter of September 5, 2003 (Plaintiff Exhibit 10) is clear and unambiguous:

> "If LSI is not wiling to grant FLT a fully paid up license for the remaining enforceable term of the Solymar patent, then FLT will honor the previously orally agreed upon amount of $150,000 to settle this law suit."

Light Sources acceptance of that offer in Light Sources Exhibit 11 is also clear and unambiguous. Reference is made to Light Sources Exhibit 11, wherein it is clearly stated:

> "Light Sources, in an effort to amicably resolve this law suit and without further delay has agreed to accept First Light's offer of $150,000.00 and to grant First Light a non-exclusive paid up license under the '101 patent in suit."

In the offer made by First Light in its letter of September 5, 2003 (Light Sources Exhibit 10), it is significant to note that First Light's offer of $200,000.00 for a paid up license under both the Solymar patent (not in suit) and the patent in suit was conditioned on a payout over a period of four (4) years, which was rejected by Light Sources.  However, the offer made by First Light of $150,000 for a paid up license under the patent in which, which Light Sources accepted, was not conditional as to any payment period.

2

This Court will note that construing a contract is a pure question of law. In construing a contract in which a non-critical time period for performing the promised act is silent, a reasonable time will be implied. It follows that First Light's arguments urging that the agreement reached is unenforceable because the time for effecting payment is being disputed is irrelevant, since the <u>agreement reached implies that the payment of the $150,000.00 would be made within a reasonable time</u>. The fact that First Light now seeks to make an issue as to when payment of the $150,000.00 is to be made <u>does not and should not render the agreement reached unenforceable</u>. If that would be so, then any party to any contract could nullify the same, simply by raising a fictional issue that there was no meeting of the minds because the time in which the obligation was to be performed was not agreed upon. In construing the agreement reached, the Court, as a matter of law, can determine <u>what is a reasonable time in which the payment of the agreed sum is to be paid</u>. The Magistrate Judge, in his Confidential Mediation Document (First Light's Exhibit 28)[1] acknowledged that a five (5) year payout "is on the long side", i.e. unreasonable.

---

[1] It is to be noted that the Magistrate Judge's Mediation Document (First Light Exhibit 28) is dated October 9, 2003, after the agreement was reached in September 2003. <u>The parties appeared on October 8, 2003, for the expressed purpose to put the settlement on record</u>. Unfortunately, the Magistrate Judge was not present

First Light's arguments become even more fictional when it is noted that First Light, with respect to the $200,000 alternate offer that was rejected by Light Sources, was conditional on a four(4) year pay out, and with respect to the lesser offer of $150,000, which was not conditional, First Light now asserts should be conditional on a five (5) year pay out.

**The Payment Period Is Not Critical To The Enforcement Of The Agreement**

This Court can note that the dispute relating to the payment period is not a critical or material issue that should bar the enforcement of the agreement reached.  As the agreement reached implies that payment be made in a reasonable period of time, the parties real argument boils down simply to what is a reasonable time which, in the end, is a pure issue of law which this Court can resolve in the event the parties fail to agree as to what is reasonable.

## C O N C L U S I O N

In view of the facts, applicable authorities and the reasons stated in Light Sources' moving papers, it is requested that the Court grant this Motion and that the

---

at the conference and because of the "new issues" raised by First Light, the settlement was not made of record.

Court finds that an enforceable settlement has been reached

by the parties hereto.

Respectfully submitted,

/S/

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033

5